IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2354 |
| | § | |
| TYSON FOODS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The defendants, Tyson Foods, Inc. and Rudy Martinez (together, "Tyson"), moved for summary judgment based on the election of the plaintiff, Maria Castillo, to participate in Tyson's Workplace Injury Settlement Program and accept benefits under that program, waiving her right to the relief she seeks in this case. Castillo moved for additional time to conduct discovery before responding to the motion. (Docket Entry Nos. 32, 33). Tyson opposed the motion and Castillo filed a supplemental reply. (Docket Entry Nos. 34, 35).

To obtain relief on a Rule 56(d) motion, "the nonmoving party [at summary judgment] must show how the additional discovery will defeat the summary judgment motion," and this showing "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified[,] facts." *McAlister v. Livingston,* 348 F. App'x 923, 940 (5th Cir. 2009) (per curiam); *Carder v. Continental Airlines, Inc.*, 595 F. App'x 293, 296 (5th Cir. 2014). Rule 56 does not require that any discovery take place before summary judgment can be granted; if a party cannot adequately defend such a motion, Rule [56(d) ] is his remedy." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990). Under Rule 56(d), a party opposing summary judgment may

request a continuance for further discovery. To obtain a Rule 56(d) continuance, the party must "show[ ] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d).

Castillo has met her burden under Rule 56(d). She has identified specific reasons why the discovery responses provided to date and the information she otherwise has available are insufficient to enable her to respond to the summary judgment motion. The motion is based on a document that she does not recall signing. There are also issues relating to how the dumper in this case was maintained. She has identified specific discovery that she needs to take, including the deposition of Jessica Salazar, the corporate representative Tyson designated to testify on the Workplace Injury Settlement Program. She has also identified additional documents she sought in discovery that she contends Tyson has objected to and failed to produce.

Counsel for Tyson oppose the added time and discovery, asserting that Castillo failed to pursue discovery diligently. Tyson is correct that this can be the basis for denying a Rule 56(d) request. *See Beattie v. Madison Co. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). In the present case, however, Castillo has adequately explained why she finds herself with inadequate information despite the time available for discovery before Tyson filed its summary judgment motion. She asserts that critical witnesses were not available for depositions until recently, and that important additional documents were recently produced. Castillo explains that some of the depositions could not be taken earlier because of health problems facing her counsel's elderly father and requiring her counsel's close involvement. She also explains that Tyson only recently identified the appropriate witness on the administration of the Workplace Injury Settlement Program.

Additional time to conduct discovery and to allow Castillo to include that information in her response to Tyson's summary judgment motion is appropriate. In so ruling, the court does not agree with Castillo that Tyson or its counsel conducted discovery improperly. To the contrary, there appears to be disagreement on what documents must be produced. A hearing on the discovery issues is set for **June 3, 2015**, at 11:30 a.m. in Courtroom 11-B.

The following amended deadlines apply:

| | | |
|---|---|---|
| 1. | August 3, 2015 | **DISCOVERY DEADLINE** |
| 2. | August 17, 2015 | **PLAINTIFF TO RESPOND TO MOTION FOR SUMMARY JUDGMENT** |
| 3. | August 31, 2015 | **DEFENDANT TO FILE SURREPLY OF NO MORE THAN 5 PAGES** |
| 4. | October 16, 2015 | **JOINT PRETRIAL ORDER DUE** |
| 5. | October 23, 2015 | **DOCKET CALL SET FOR 2:00 P.M. IN COURTROOM 11-B** |

SIGNED on May 29, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge