United States District Court
Southern District of Texas
**ENTERED**
March 07, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA CASTILLO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2354 |
| | § | |
| TYSON FOODS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION**

**I.   Background**

The plaintiff, Maria Castillo, moved for reconsideration of this court's order granting summary judgment for the defendants, Tyson Foods, Inc. and Rudy Martinez (together, "Tyson"). (Docket Entry Nos. 44, 45). Tyson had moved for summary judgment on the basis that Castillo's choice to participate in the company's Workplace Injury Settlement Program to accept payment under that program for her workplace injury waived her right to sue Tyson for negligence. Based on undisputed facts in the record and the applicable law, the court found that Tyson had shown that the waiver defense applied, and that Castillo had not raised a factual dispute material to determining that the waiver was neither procedurally nor substantively unconscionable. (Docket Entry No. 44).

Castillo argues that the court manifestly erred by preempting her negligence claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Although she does not challenge the court's holding that she waived her right to sue under the Texas Worker's Compensation Act, TEX. LABOR CODE § 401 *et seq.*, Castillo also contends that the court manifestly erred in not finding unconscionability under state or federal common law. (Docket Entry No. 46).

1

Tyson argues in response that the court did not find Castillo's negligence claim preempted and correctly found that Castillo failed to show that the waiver was unconscionable. (Docket Entry No. 47).

Based on a careful review of the motions, the briefs and submissions, the pleadings, the record, and the applicable law, the court denies the motion for reconsideration. The reasons are explained below.

## II.     The Legal Standard for a Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. 07-cv-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see*

2

*also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT & MILLER § 2810.1 at 127–28 (footnotes omitted).

### III.    Discussion

Castillo argues that the court erred in holding that ERISA preempted her negligence claim. (Docket Entry No. 46 at p. 5–7). She cites *Hook v. Morrison Milling Co.*, 38 F.3d 776 (5th Cir. 1994), for support. In *Hook*, the Fifth Circuit held that ERISA did not preempt an employee's negligence suit against her employer even though the employee had waived her right to sue and even though ERISA governed the benefits plan containing the waiver provision. The court reasoned that "a law or claim is preempted when *it* relates to an ERISA plan, and not the reverse." *Id.* at 785. "ERISA's preemptive scope may be broad but it does not reach claims that do not involve the administration of plans, even though the plan may be a party to the suit or the claim relies on the details of the plan." *Id.* at 784. Castillo contends that, as in *Hook*, her "state law negligence and gross negligence claims are not governed by ERISA because they do not relate to an ERISA plan." (Docket Entry No. 46 at p. 5).

The court did not find that ERISA preempted Castillo's negligence claim. The court granted Tyson's summary judgment motion on the ground that, under state law, Castillo waived her right to sue for negligence. Castillo responded by arguing that the waiver was substantively unconscionable because "[t]he Plan at issue in this lawsuit considerably limits an employee's rights

3

to receive medical care for [her] injuries, limits [her] ability to seek redress for [her] injuries, and is administered arbitrarily and on an ad hoc basis." (Docket Entry No. 39 at p. 11). Castillo emphasized that while Tyson paid for her hand injury, it did not cover her shoulder injury; did not give her notice of the benefits denial; made it difficult for her counsel to get her claim file; and had discretion over how it administered the plan. (*Id.* at p. 11–14).

The court did state that these arguments about the Plan's substantive unconscionability were ultimately "based on Tyson's alleged failure to comply with ERISA," which "provides the mechanism to challenge the allegedly improper administration of the Settlement Program." (Docket Entry No. 44 at p. 16). The court went on to find, however, that "[e]ven if substantive unconscionability under Texas state law gave Castillo a basis to challenge the administration of the Settlement Program under ERISA because the Fifth Circuit recognized a concept of unconscionability in the federal common law of ERISA, the summary judgment evidence does not show that the waiver form is invalid or unenforceable on that basis." (*Id.* at 17). The court did not hold, as Castillo suggests, that her negligence claim was preempted. The court expressed doubt that Castillo could challenge the ERISA Plan administration under state common law. Castillo did not cite, and the court did not find, a case holding that the state common law of unconscionability provides a vehicle for challenging as unconscionable the administration of the ERISA Plan provision waiving the right to sue. The court nonetheless assumed that Castillo could pursue the challenge, but found that Castillo had not carried her burden to show that the state-law unconscionability defense applied.

Castillo also argues that the court manifestly erred by applying federal, not state, law. As discussed, however, the court assumed that the state law on unconscionability governed but found

4

that Castillo had not shown that it made her waiver unenforceable. (Docket Entry No. 44 at p. 17). Castillo also concedes that the unconscionability doctrine is similar whether state or federal law applies. (Docket Entry No. 46 at 8).

Castillo argues that under federal law, the six-factor test in *Smith v. Amedisys Inc.*, 298 F.3d 434 (5th Cir. 2002), which reviewed the release of a Title VII claim, applies. The factors are:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of [the] plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

*Id.* at 441. Assuming that this standard is relevant to the state-law waiver defense, Castillo has not shown manifest error. Nor has she come forward with newly discovered evidence of the plan's unconscionability. Instead, she relies on the evidence she cited in her summary judgment motion to support her argument that the waiver was procedurally unconscionable. This evidence includes Castillo's lack of education and lack of bargaining power, in addition to ambiguity and the absence of consideration. (Docket Entry No. 46 at p. 9–15). The court has already rejected each of these arguments in analyzing Castillo's procedural-unconscionability defense. (Docket Entry No. 44 at p. 14–16). The arguments fail for the reasons stated earlier.

To the extent Castillo argues that this evidence also supports her substantive-unconscionability defense, a Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig*, 332 F.3d at 863 (quotation marks omitted). Castillo could have raised and briefed these arguments in her summary judgment motion to support her substantive-unconscionability defense, but she did not. And taking these arguments

5


into account at this late stage does not establish a basis for reconsideration. Substantive unconscionability turns on whether the substantive terms of the contract were fair and whether there were "legitimate commercial reasons justifying the terms of the contract." *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 136 (Tex. App.—Waco 2005, pet. denied). Castillo voluntarily opted in to the Settlement Program, which "offers non-fringe, no-fault health, medical, surgical and hospital care benefits . . . for work-related, on-the-job injuries and illnesses." (Docket Entry No. 29, Ex. A-2 at p. 40). Castillo received benefits under this Program from August 2012 to March 2013 for the workplace injury she sustained. (Docket Entry No. 39, Ex. A at p. 10). Although Castillo has alleged various deficiencies in the way Tyson administered the Plan and Program, there is no record evidence showing that the Plan or Program terms lacked a legitimate commercial justification or that they were so shocking and devoid of substantial benefit to her to make the entire plan unconscionable and the waiver unenforceable under Texas law.

**IV.  Conclusion**

The motion for reconsideration, (Docket Entry No. 46), is denied.

SIGNED on March 7, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge